1  D. GILL SPERLEIN (172887)
   THE LAW OFFICE OF D. GILL SPERLEIN
2  584 Castro Street, Suite 879
   San Francisco, California 94114
3  Telephone: (415) 404-6615
4  Facsimile: (415) 404-6616

5  gill@sperleinlaw.com

6
   Attorney for Plaintiff
7  IO GROUP, INC.

8                                          **E-filing**

9

10           **UNITED STATES DISTRICT COURT**
11           **NORTHERN DISTRICT OF CALIFORNIA**

12
13  IO GROUP, INC. d/b/a TITAN        )   **CASE NO.:**
    MEDIA, a California corporation,   )   CV 10      4380
14                                     )
15                                     )   **COMPLAINT:**
    Plaintiff,                         )
16                                     )   **COPYRIGHT INFRINGEMENT and**
          vs.                          )   **CIVIL CONSPIRACY**
17  DOES 1-34, individuals,            )
18                                     )
    Defendants.                        )
19                                     )   **JURY TRIAL DEMANDED**
20  _____       )

21
22                       **INTRODUCTION**

23       1.    This is an action by IO GROUP, INC. a California corporation, d/b/a Titan

24  Media ("Titan Media"), to recover damages arising from infringement of Io Group's
25
26  copyrights in its creative works by Defendants DOE 1 to 34 and to enjoin Defendants from

27  future infringement.  Defendants reproduced, distributed, and publicly displayed, through

28  the P2P network "eDonkey2000" certain Io Group-owned audiovisual works.

                                    -1-

## THE PARTIES

2.     Io Group, Inc. is a California corporation doing business as "Titan Media," with its principal place of business located at 69 Converse Street, San Francisco, California 94103.     Titan Media produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc.  Plaintiff operates and maintains a website by and through which customers paying a monthly subscription fee may view Plaintiff's photographic and audiovisual works.

3.     The true names and capacities, whether individual, corporate, affiliate, or otherwise, of Defendant DOES 1 - 34 inclusive, are presently unknown to Plaintiff, and for that reason Plaintiff sues those Defendants by such fictitious names.  Plaintiff is informed and believes and based thereon alleges that each of the DOE Defendants is in some way responsible for the damages herein alleged.  Plaintiff will amend this Complaint when it discovers the true names and capacities of the DOE Defendants.

4.     Each Defendant used an Internet connection provided by Optimum Online High Speed Internet Service to access the Internet for the purpose of engaging in the infringing activity complained of herein.

5.     Plaintiff is informed and believes and based thereon alleges that each of the Defendants, was and is the agent and representative of the other Defendants, acting within the purpose and scope of said agency and representation.  Plaintiff is further informed and believes and based thereon alleges that each of the Defendants, authorized and ratified the conduct herein alleged of each of the other Defendants.

COMPLAINT

**JURISDICTION**

6. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over Defendants. All Defendants solicit, transact, and are doing business within the State of California and/or have committed unlawful and tortuous acts both within and outside the State of California knowing their acts would cause injury in California. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendants.

**INTRADISTRICT ASSIGNMENT**

8. Since this matter is based in copyright it may be assigned to any of the three divisions of the District Court for the Northern District of California.

**VENUE**

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

**BACKGROUND**

10. Technological advances have made it increasingly possible to transfer large amounts of data, including digital video files, by and through the Internet. As Congress and the courts clarify the law and close legal loopholes in order to hold infringers liable for their actions, would-be infringers develop new and often increasingly complex means of engaging in piracy, hoping that the complexity of their systems will help them avoid

-3-

detection, identification, and prosecution. Defendants' infringement represents one of these manifestations of on-line digital piracy.

11.  In using the peer-to-peer (P2P) network"eDonkey2000", each of the DOE Defendants conspired with other individuals, including the other DOE Defendants, to reproduce and distribute Plaintiff's copyrighted works. Each of the DOE Defendants conspired to provide other individuals with infringing copies of Plaintiff's works in exchange for receiving infringing copies of other works including other works belonging to Plaintiff.

## FACTS COMMON TO ALL CLAIMS

12.  Plaintiff has won numerous awards for its high-quality work beginning with an award for Best Gay Video in its first year in existence (1995). Since then Plaintiff has won awards nearly every year including awards for Best Art Direction, Best Videography, Best Packaging, Best DVD Extras, Best Cinematography, and Best Editing. Competitors and consumers alike recognize Plaintiff as one of the highest quality producers of gay erotica.

13.  Each of the audiovisual works at issue in this action is of obvious high production values and is easily discernable as a professional work. Plaintiff created the works using professional performers, directors, cinematographers, lighting technicians, set designers and editors. Plaintiff created each work with professional-grade cameras, lighting, and editing equipment.

14.  Each of Plaintiff's works is marked with Plaintiff's trademark (either TitanMedia, TitanMen, ManPlay or MSR Video), a copyright notice, a warning that

-4-

1   unauthorized copying is illegal and will be prosecuted, and a statement as required by 18

2   U.S.C. §2257 that age verification records for all individuals appearing in the works are

3   maintained at corporate offices in San Francisco, California.

4
5       15.    All Defendants knew or should have known that Plaintiff's principle place of

6   business is in San Francisco, California and that infringement of its works was likely to

7   cause harm in California.

8
9       16.    At various times Plaintiff discovered and documented a number of Io Group,

10  Inc. copyrighted works being publicly distributed by DOES 1 through 34 by and through

11  the P2P network "eDonkey2000".

12
13      17.    Defendants, without authorization, copied and distributed audiovisual works

14  owned by and registered to Plaintiff.

15
16                          **FIRST CAUSE OF ACTION**

17               **COPYRIGHT INFRINGEMENT – 17 U.S.C. §501**

18  Plaintiff Titan Media Owns Federally Registered Copyrights of Various Creative Works

19
20      18.    Plaintiff repeats and incorporates by this reference each and every allegation

21  set forth in paragraphs 1 through 34, inclusive.

22      19.    At all times relevant hereto, Plaintiff has been the producer and owner of the

23
24  audiovisual works reproduced and distributed by Defendants through the P2P network

25  "eDonkey2000".

26

27

28

                                    -5-
                                                                    COMPLAINT

20. For each of the works at issue in this matter, Plaintiff holds a copyright registration certificate from the United States Copyright Office or has timely applied for registration.

<u>Defendants Willfully Infringed Plaintiff's Registered Copyrights</u>

21. Plaintiff is informed and believes and based thereon alleges that Defendants without authorization, reproduced and distributed Plaintiff's copyright registered works by and through the P2P network "eDonkey2000".

22. Defendant Doe 1, without authorization, reproduced Plaintiff's registered work *Alabama Takedown* (U.S. registration PA 1-304-285) and distributed it on 6/14/2010 at 15:56:21 GMT, from the IP address 69.120.95.183.

23. Defendant Doe 2, without authorization, reproduced Plaintiff's registered work *Arcade On Route 9* (U.S. registration PA 1-335-711) and distributed it on 6/12/2010 at 23:21:57 GMT, from the IP address 69.127.115.186.

24. Defendant Doe 3, without authorization, reproduced Plaintiff's registered work *Boiler* (U.S. registration PA 1-368-496) and distributed it on 4/25/2010 at 03:51:32 GMT, from the IP address 69.124.185.226.

25. Defendant Doe 4, without authorization, reproduced Plaintiff's registered work *Boiler* (U.S. registration PA 1-368-496) and distributed it on 6/12/2010 at 14:37:15 GMT, from the IP address 69.112.63.24.

26. Defendant Doe 5, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration PA 1-617-991) and distributed it on 5/13/2010 at 09:47:36 GMT, from the IP address 24.188.139.172.

COMPLAINT

27. Defendant Doe 6, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration PA 1-617-991) and distributed it on 4/14/2010 at 08:00:06 GMT, from the IP address 69.112.234.228.

28. Defendant Doe 7, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration PA 1-617-991) and distributed it on 5/29/2010 at 18:21:07 GMT, from the IP address 69.112.62.56.

29. Defendant Doe 8, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration PA 1-617-991) and distributed it on 6/13/2010 at 01:13:48 GMT, from the IP address 24.47.111.241. Defendant Doe 8, without authorization, reproduced Plaintiff's registered work *Folsom Prison* (U.S. registration PA 1-635-863) and distributed it on 4/23/2010 at 09:14:44 GMT, from the IP address 24.47.111.241.

30. Defendant Doe 9, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration PA 1-617-991) and distributed it on 4/16/2010 at 21:59:14 GMT, from the IP address 68.194.15.233.

31. Defendant Doe 10, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration PA 1-617-991) and distributed it on 4/17/2010 at 07:45:24 GMT, from the IP address 68.194.121.130.

32. Defendant Doe 11, without authorization, reproduced Plaintiff's registered work *Command Post* (U.S. registration PA 1-618-019) and distributed it on 5/4/2010 at 09:37:23 GMT, from the IP address 24.191.37.18.

-7-

33.   Defendant Doe 12, without authorization, reproduced Plaintiff's registered work *CopShack - On 101* (U.S. registration PA 1-352-001) and distributed it on 5/31/2010 at 13:58:21 GMT, from the IP address 69.123.206.247.

34.   Defendant Doe 13, without authorization, reproduced Plaintiff's registered work *Coyote Point* (U.S. registration PA 1-688-979) and distributed it on 6/11/2010 at 13:42:48 GMT, from the IP address 96.56.192.42.   Defendant Doe 13, without authorization, reproduced Plaintiff's registered work *Hitch* (U.S. registration PA 1-344-055) and distributed it on 4/11/2010 at 00:43:47 GMT, from the IP address 96.56.192.42.

35.   Defendant Doe 14, without authorization, reproduced Plaintiff's registered work *Folsom Fear* (U.S. registration PA 1-617-997) and distributed it on 5/8/2010 at 13:09:33 GMT, from the IP address 69.113.220.108.

36.   Defendant Doe 15, without authorization, reproduced Plaintiff's registered work *Folsom Fear* (U.S. registration PA 1-617-997) and distributed it on 6/11/2010 at 13:24:01 GMT, from the IP address 69.127.150.52.

37.   Defendant Doe 16, without authorization, reproduced Plaintiff's registered work *Folsom Prison* (U.S. registration PA 1-635-863) and distributed it on 4/14/2010 at 06:50:26 GMT, from the IP address 67.85.69.44.

38.   Defendant Doe 17, without authorization, reproduced Plaintiff's registered work *Full access* (U.S. registration PA 1-670-544) and distributed it on 6/4/2010 at 16:38:36 GMT, from the IP address 24.186.106.94.

39. Defendant Doe 18, without authorization, reproduced Plaintiff's registered work *Gunnery Sgt. McCool* (U.S. registration PA 1-623-111) and distributed it on 5/23/2010 at 08:42:40 GMT, from the IP address 67.84.99.199.

40. Defendant Doe 19, without authorization, reproduced Plaintiff's registered work *Closed Set: The New Crew* (U.S. registration PA 1-238-188) and distributed it on 4/1/2010 at 17:28:16 GMT, from the IP address 69.121.161.233.

41. Defendant Doe 20, without authorization, reproduced Plaintiff's registered work *Closed Set: The New Crew* (U.S. registration PA 1-238-188) and distributed it on 5/7/2010 at 23:50:28 GMT and on 5/13/2010 at 20:07:11 GMT, from the IP address 74.88.141.11.

42. Defendant Doe 21, without authorization, reproduced Plaintiff's registered work *Closed Set: The New Crew* (U.S. registration PA 1-238-188) and distributed it on 5/26/2010 at 00:14:26 GMT, from the IP address 69.113.98.105.

43. Defendant Doe 22, without authorization, reproduced Plaintiff's registered work *Giant Part One* (U.S. registration PA 1-232-273) and distributed it on 5/6/2010 at 03:59:40 GMT, from the IP address 69.113.142.148.

44. Defendant Doe 23, without authorization, reproduced Plaintiff's registered work *Tough Guys* (U.S. registration PA 1-316-771) and distributed it on 5/9/2010 at 09:47:17 GMT, from the IP address 67.84.211.18.

45. Defendant Doe 24, without authorization, reproduced Plaintiff's registered work *Tough Guys* (U.S. registration PA 1-316-771) and distributed it on 5/5/2010 at 15:50:27 GMT, from the IP address 24.46.240.229.

-9-

46. Defendant Doe 25, without authorization, reproduced Plaintiff's registered work *Truck Stop On I-95* (U.S. registration PA 1-232-268) and distributed it on 6/7/2010 at 02:26:58 GMT, from the IP address 173.2.99.162.

47. Defendant Doe 26, without authorization, reproduced Plaintiff's registered work *White Trash* (U.S. registration PA 1-230-104) and distributed it on 4/4/2010 at 03:50:00 GMT, from the IP address 173.3.9.253.

48. Defendant Doe 27, without authorization, reproduced Plaintiff's registered work *R.E.M.* (U.S. registration PA 1-130-969) and distributed it on 6/6/2010 at 22:38:32 GMT, from the IP address 69.114.141.58.

49. Defendant Doe 28, without authorization, reproduced Plaintiff's registered work *Spy Quest 2* (U.S. registration PA 1-319-578) and distributed it on 6/1/2010 at 23:16:36 GMT, from the IP address 24.190.235.14.

50. Defendant Doe 29, without authorization, reproduced Plaintiff's registered work *Tag Team* (U.S. registration PA 992-998) and distributed it on 4/24/2010 at 02:17:41 GMT, from the IP address 69.114.213.132.

51. Defendant Doe 30, without authorization, reproduced Plaintiff's registered work *Titan Express* (U.S. registration PA 1-041-382) and distributed it on 5/30/2010 at 01:13:55 GMT, from the IP address 67.83.33.150.

52. Defendant Doe 31, without authorization, reproduced Plaintiff's registered work *CountrySide* (U.S. registration PA 1-660-155) and distributed it on 4/14/2010 at 00:23:53 GMT, from the IP address 67.86.152.160.

-10-

COMPLAINT

53.    Defendant Doe 32, without authorization, reproduced Plaintiff's registered work *Warehouse* (U.S. registration PA 1-637-506) and distributed it on 5/5/2010 at 03:44:48 GMT, from the IP address 24.185.147.117.

54.    Defendant Doe 33, without authorization, reproduced Plaintiff's registered work *Warehouse* (U.S. registration PA 1-637-506) and distributed it on 5/18/2010 at 05:26:00 GMT, from the IP address 173.2.237.196.

55.    Defendant Doe 34, without authorization, reproduced Plaintiff's registered work *WoodsMen* (U.S. registration PA 1-139-371) and distributed it on 6/10/2010 at 01:37:09 GMT, from the IP address 68.196.135.1.

## SECOND CAUSE OF ACTION
## CIVIL CONSPIRACY

56.    Plaintiff repeats and incorporates by this reference each and every allegation set forth in the preceding paragraphs.

57.    Defendants, and each of them, conspired with the other Defendants by agreeing to provide infringing reproductions of various copyright protected works, including Plaintiff's works, in exchange for infringing reproductions of other copyright protected works, including Plaintiff's works.

58.    Each Defendant then took affirmative steps to advance the conspiracy by unlawfully and without authorization reproducing Plaintiff's copyrighted works and making those works available on eDonkey2000 in anticipation of receiving other infringing copies of copyright protected works in exchange.

-11-

COMPLAINT

1

## JURY DEMAND

2      59.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff

3 demands a trial by jury of all issues properly triable by a jury in this action.

4

5

## PRAYER

6     WHEREFORE, Plaintiff Io Group, Inc. respectfully requests judgment as follows:

7     (1)     That the Court enter a judgment against all Defendants that they have: a)

8

9 willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. §

10 501; and b) otherwise injured the business reputation and business of Plaintiff by all

11 Defendants' acts and conduct set forth in this Complaint.

12

13     (2)     That the Court issue injunctive relief against all Defendants, and that all

14 Defendants, their agents, representatives, servants, employees, attorneys, successors and

15 assigns, and all others in active concert or participation with them, be enjoined and

16

17 restrained from copying, posting or making any other infringing use or infringing

18 distribution of audiovisual works, photographs or other materials owned by or registered to

19 Plaintiff;

20

21     (3)     That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503

22 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs

23 or other materials, which are in Defendants' possession or under their control;

24     (4)     That the Court order all Defendants to pay Plaintiff's general, special, actual

25

26 and statutory damages as follows: Plaintiff's damages and Defendants' profits pursuant to

27 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages in the amount of one

28

-12-

hundred fifty thousand dollars ($150,000.00) per infringed work, pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Plaintiff's copyrights; and

(5)     That the Court order all Defendants to pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504; and

(6)     That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated:  9/24/2010                              Respectfully submitted,

D. GILL SPERLEIN
THE LAW OFFICE OF D. GILL SPERLEIN
Attorney for Plaintiff, IO GROUP, INC.

-13-

COMPLAINT

## CERTIFICATION OF INTERESTED PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Bruce Lahey – majority shareholder of Io Group, Inc.

Brian Ashby – minority shareholder of Io Group, Inc.

Dated: 9/24/2010

Respectfully submitted,

GILL SPERLEIN
Attorney for Plaintiff IO GROUP, INC.

-14-